# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION

**LOYD GOINS**                                                                                              **PLAINTIFF**

**v.**                                                                 **CIVIL ACTION NO. 5:17CV-P134-GNS**

**NURSE PRACTITIONER JOHNSTON**                                                       **DEFENDANT**

## MEMORANDUM OPINION

On September 7, 2017, while confined at the McCracken County Jail, Plaintiff filed a *pro se* civil-rights complaint pursuant to 42 U.S.C. § 1983 (DN 1).  However, Plaintiff failed to sign the complaint and failed to pay the filing fee for this action.  Thus, on September 11, 2017, the Clerk of Court sent Plaintiff a deficiency notice directing him to fix these deficiencies (DN 3).  The deficiency notice gave Plaintiff 30 days from the date of the deficiency notice to remedy the deficiencies.  The 30 days passed without Plaintiff fixing the deficiencies.  Thus, on October 18, 2017, the Court entered an Order (DN 4) giving Plaintiff additional time to fix the deficiencies.  Plaintiff responded (DN 5) to the Order stating that the prison "refused to fill out [his] 6 month statement or return it."  However, Plaintiff did not sign the complaint nor did he pay the filing fee or file a fully completed application to proceed without prepayment of fees as the Court had ordered.

Thus, on November 13, 2017, the Court entered an Order (DN 6) giving Plaintiff 30 days to fix these deficiencies.  The Court also entered an Order requesting the McCracken County Jailer or his designee to mail to the Court a certified copy of Plaintiff's jail trust account statement (DN 7).  Copies of these two Orders were mailed to Plaintiff at the McCracken County Jail address he had provided to the Court.  On November 30, 2017, the copies of the Orders sent

to Plaintiff were returned to the Court (DN 9) marked "Return To Sender, Refused, Unable To Forward" and "Refused."

Upon filing the action in this Court, Plaintiff assumed the responsibility to keep this Court advised of his current address and to actively litigate his claims. *See* Local Rule 5.2(e) ("All pro se litigants must provide written notice of a change of residential address, and, if different, mailing address, to the Clerk and to the opposing party or the opposing party's counsel. Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions."). Because Plaintiff has not provided any notice of an address change to the Court, neither orders or notices from this Court nor filings by Defendant can be served on him.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *Id.* at 110. "Further, the United States Supreme Court has recognized that courts have an inherent power to manage their own affairs and may dismiss a case sua sponte for lack of prosecution." *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

Review of the docket reveals that Plaintiff has taken no action in this case since November 8, 2017, nor has he fixed the deficiencies with the filing of the complaint—signing

the complaint and paying the filing fee. Review of the docket further reveals that over two months have passed since the copy of the Orders (DNs 6 & 7) mailed to Plaintiff were returned to the Court without Plaintiff providing any notice of an address change. Because Plaintiff has failed to provide an updated address to the Court and Orders sent to Plaintiff by this Court have been returned, the Court concludes that Plaintiff has failed to comply with Local Rule 5.2(e), has abandoned any interest in prosecuting this action, and that dismissal is warranted. *See, e.g.*, *White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002) ("[Plaintiff's] complaint was subject to dismissal for want of prosecution because he failed to keep the district court apprised of his current address."); *Hananiah v. Shelby Cty. Gov't*, No. 12-3074-JDT-TMP, 2015 WL 52089, at *3 (W.D. Tenn. Jan. 2, 2015) ("Without such basic information as a plaintiff's current address, courts have no recourse but to dismiss a complaint for failure to prosecute.").

Therefore, the Court will enter a separate Order consistent with this Memorandum Opinion.

Date: February 7, 2018

**Greg N. Stivers, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
 Defendant
4416.003